IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL J. MATULKA, | ) | 8:12CV236 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| M&T BANK, MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, Inc., WELLS FARGO | ) | |
| BANK, NA, HSBC BANK USA, | ) | |
| NA, as Trustee for WFALT 2007- | ) | |
| PA3, GARRY MCCUBBIN, | ) | |
| KOZENY & MCCUBBIN, L.C., and | ) | |
| DOES 1-10, (inclusive), | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motions to Dismiss, Motion to Strike, and Motion to File Responsive Pleading Out of Time. (Filing Nos. 22, 25, 26, and 29.) Plaintiff Michael Matulka ("Plaintiff") has not responded to Defendants' Motions, and the time in which to do so has now passed. As discussed in detail below, the court will grant Defendants' Motions to Dismiss.

## I. BACKGROUND

Plaintiff filed a Complaint in this matter on July 6, 2012. (Filing No. 1.) He filed an Amended Complaint on July 17, 2012. (Filing No. 4). Plaintiff's Amended Complaint is the operative Complaint in this matter. In this action, Plaintiff seeks to set aside a trustee's deed that conveyed property to HSBC Bank USA ("HSBC"). Plaintiff also challenges the origination of the loan provided to purchase this property. He has named M&T Bank, Mortgage Electronic Registration Systems, Inc. ("MERS"), Wells Fargo Bank ("Wells Fargo"), HSBC, Gary McCubbin

("McCubbin"), and Kozeny & McCubbin, L.C. ("Kozeny & McCubbin") as Defendants. (*Id.* at CM/ECF pp. 1-2.)

The relevant factual background is set forth in the paragraphs below. This factual background is taken from the allegations set forth in Plaintiff's Amended Complaint, and evidence submitted by the parties that is a matter of public record. *See Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating courts "may take judicial notice of judicial opinions and public records"). *See also Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697, n.4 (8th Cir. 2003) ("[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint.").

**A. Facts**

1. The property at issue in this action is real property located in Lancaster County at 5401 Benton Street in Lincoln, Nebraska ("the Property").[1] (Filing No. 4 at CM/ECF p. 3.)

---

[1] The Property is described in the Deed of Trust as:

UNITS A, B, C AND D, BUILDING 4, WOODLANDS CONDOMINIUM PROPERTY REGIME, A CONDOMINIUM ORGANIZED UNDER THE LAWS OF THE STATE OF NEBRASKA, LANCASTER COUNTY, NEBRASKA, PURSUANT TO MASTER DEED AND DECLARATION RECORDED AUGUST 15, 1983 AS INST. NO. 83-16260 IN THE OFFICE OF THE REGISTER OF DEEDS OF LANCASTER COUNTY NEBRASKA[.]

(Filing No. 24-2 at CM/ECF p. 3.)

2. Bonnie Matulka purchased the Property on April 9, 2007, with a loan from M&T Bank. A deed of trust ("the Deed of Trust") granted a security interest in the Property to M&T Bank, with MERS as the beneficiary. (*Id.* at CM/ECF pp. 2-3.)

3. Plaintiff became the executor of Bonnie Matulka's estate on October 21, 2007. (*Id.* at CM/ECF p. 3.)

4. On April 29 and August 14, 2008, McCubbin, acting as successor trustee, caused notices of default to be recorded against the Property. (Filing Nos. 24-4 and 24-6.)

5. Plaintiff, acting as the personal representative of Bonnie Matulka's estate, conveyed the Property to himself on June 22, 2009. (Filing No. 4 at CM/ECF p. 6; Filing No. 24-7.)

6. McCubbin caused another notice of default to be recorded against the property on April 12, 2010. (Filing No. 24-8.)

7. On June 18, 2010, Plaintiff conveyed the Property by warranty deed to Benton Street Ministries Mid West ("Benton Street Ministries"). (Filing No. 24-9.)

8. On June 21, 2010, the Property sold at a trustee's sale. (Filing No. 4 at CM/ECF p. 6; Filing No. 24-10.)

9. Plaintiff filed a complaint in the Lancaster County District Court (Case Number CI 11-1738) on April 27, 2011, against M&T Bank, MERS, HSBC, Wells Fargo, Shirley Fralin, and Robert Fralin. (Filing No. 24-11.) Plaintiff alleged wrongful foreclosure of the Property, and he sought to quiet title in the Property. The state district court dismissed the complaint, but gave Plaintiff leave to amend. (Filing No. 24-12.)

3

10. Thereafter, an amended complaint was filed in the state district court case, which substituted Benton Street Ministries as the plaintiff. (Filing No. 24-13.) The state district court dismissed the amended complaint with prejudice on November 2, 2011. It determined that (1) Benton Street Ministries, as a private trust, lacked the capacity to sue on its own behalf, and (2) regardless of the standing issue, the amended complaint did not show a defect in the trustee's sale procedure that could constitute wrongful foreclosure or entitle a plaintiff to quiet title. (Filing No. 24-14 at CM/ECF p. 8.)

11. On February 7, 2012, Eric Madej, acting as trustee for Benton Street Ministries, filed a complaint in the Lancaster County District Court against HSBC, Wells Fargo, and MERS seeking to quiet title in the Property. (Filing No. 24-15.) The state district court dismissed the complaint with prejudice on June 26, 2012, because it failed to state a claim upon which relief could be granted. (Filing No. 24-16.)

## II. MOTIONS TO DISMISS

Defendants argue, among other things, that Plaintiff (1) lacks standing, (2) is precluded from litigating his claims, (3) is time barred from raising a claim under the Truth and Lending Act ("TILA"), and (4) failed to identify any legal basis for setting aside the foreclosure. (Filing No. 23 at CM/ECF p. 2; Filing No. 27 at CM/ECF p. 4; Filing No. 29-2 at CM/ECF p. 2.) The court agrees.

### A. Standing

Standing is a core component of the Article III case and controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy Article III's standing requirements, Plaintiff must show that:

4

> "(1) he suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant[s]; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

[McClain v. American Econ. Ins. Co., 424 F.3d 728, 731 (8th Cir. 2005)](#) (internal quotation marks omitted).

Defendants argue Plaintiff lacks standing to bring the claims alleged in the Amended Complaint. Specifically, they argue Plaintiff does not have standing to challenge the foreclosure sale because he conveyed the Property to Benton Street Ministries prior to its sale. (Filing No. 23 at CM/ECF pp. 7-8; Filing No. 27 at CM/ECF p. 4.) They also argue Plaintiff lacks standing to allege a violation of TILA because he was not the original borrower under the Deed of Trust. (Filing No. 23 at CM/ECF p. 20; Filing No. 27 at CM/ECF p. 4.) The court agrees with both arguments.

At the time of the trustee's sale, Plaintiff was not the title holder of the Property. As set forth above, Plaintiff conveyed the Property to Benton Street Ministries on June 18, 2010, and the Property sold at a trustee's sale on June 21, 2010. (Filing No. 24-9; Filing No. 24-10.) Plaintiff has not identified any injury he suffered that could be corrected by reversing the foreclosure sale or by setting aside the trustee's deed upon sale. He has not shown an invasion of *his* legally protected interests, given that he no longer owned the property when the Property sold at the trustee's sale. Thus, Plaintiff has failed to establish "injury in fact."

As to Plaintiff's TILA claim, he claims that TILA was violated at loan origination by the lender's purported failure to provide the original borrower, Bonnie Matulka, with "proper (3-Day) Notice of Right to Cancel or Right of Recision." (Filing No. 4 at CM/ECF p. 9.) Here, the court agrees with Defendants that Plaintiff lacks standing to allege a violation of TILA on behalf of the original borrower.

*See Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interest of third parties."). Plaintiff has not alleged that he participated in the loan origination or executed the promissory note or Deed of Trust. Indeed, Plaintiff did not respond in any way to Defendants' Motions to Dismiss. Again, Plaintiff has failed to establish "injury in fact."

### B. Issue Preclusion and Claim Preclusion

Regardless of the potentially curable standing issues Plaintiff faces, further amendment of his claims would be futile because he is precluded from raising the claims set forth in his Amended Complaint. "The doctrine of collateral estoppel, also known as issue preclusion, provides that 'when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in another lawsuit.'" *Chavez v. Weber*, 497 F.3d 796, 803 (8th Cir. 2007) (quoting *United States v. Brekke*, 97 F.3d 1043, 1049 (8th Cir. 1996)).

Non-parties to an original judgment may raise collateral estoppel offensively against losing parties. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). In addition, a non-party to an earlier litigation may be precluded from re-litigating certain claims or issues in subsequent litigation when that individual is in privity with the losing party from the earlier action. *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996). Privity for purposes of preclusion is "based on a variety of pre-existing substantive legal relationships between the person to be bound and a party to the judgment." *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) (internal brackets and quotation marks omitted). One such "substantive legal relationship" that satisfies the privity requirement is between "preceding and succeeding owners of property." *Id.*

The scope of the preclusive effect of a state court judgment is governed by the laws of that state. *W.F.M., Inc. v. Cherry County, Nebraska*, 279 F.3d 640, 643 (8th

Cir. 2002). Four elements must be satisfied before an issue is precluded under Nebraska law:

> the issue concluded must be identical, it must have been raised and litigated in the prior action, it must have been material and relevant to the disposition of the prior action, and the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Id.*

Defendants argue that Plaintiff is precluded from relitigating issues raised by Benton Street Ministries in Case Number CI 11-1738, issues that were decided by the Lancaster County District Court on November 2, 2011. Defendants are correct. Plaintiff and Benton Street Ministries are "preceding and succeeding owners of property," and Plaintiff may be precluded from re-litigating claims raised by Benton Street Ministries in Case Number CI 11-1738. *See Taylor*, 553 U.S. at 894. Notably, Plaintiff originally brought the suit in Case Number CI 11-1738, and it was only later that Benton Street Ministries was substituted as the plaintiff. (*Compare* Complaint in Case No. CI 11-1738 at Filing No. 24-11 *and* Amended Complaint in Case No. CI 11-1738 at Filing No. 24-13.)

The premise underlying Counts I, III, and IV of Plaintiff's Amended Complaint in this action is that McCubbin was not properly appointed as successor trustee and, therefore, had no right to foreclose on the Property on behalf of HSBC. This identical issue was raised by Benton Street Ministries and decided by the Lancaster County District Court. (Filing No. 24-13 at CM/ECF pp. 23-24; Filing No. 24-14.) The question of whether McCubbin had authority to foreclose on the Property was material to Benton Street Ministries's claim that the foreclosure was wrongful. The state district court decided this issue, and also other issues that Plaintiff is attempting to relitigate in this action. Specifically, the state district court determined that (1) there was "no apparent irregularity in the nonjudicial foreclosure sale"; (2) production of

7

a promissory note was not required in order to foreclose on the Property; (3) Benton Street Ministries was precluded from challenging terms in the borrower's agreement that were previously accepted; and (4) Benton Street Ministries was not entitled to an order of quiet title. (Filing No. 24-14 at CM/ECF pp. 4-9.) Indeed, each of the claims rejected by the state district court reappear in Plaintiff's Amended Complaint in this case. Because these issues were previously litigated in an action to which Plaintiff was both a party (at one time) and in privity, Plaintiff is precluded from relitigating them here.

In addition, to the extent that Plaintiff raises additional claims in his Amended Complaint that relate to the foreclosure of the property—claims that were not actually decided by the state district court—the doctrine of claim preclusion bars relitigation of issues that *could have been* litigated in the first suit. *See Lovell v. Mixon, 719 F.2d 1373, 1376 (8th Cir. 1983)* ("[R]es judicata or claim preclusion bars the relitigation of issues which were actually litigated or which could have been litigated in the first suit."). Thus, because Plaintiff and Benton Street Ministries had the opportunity to challenge the foreclosure in the state court action, and took advantage of that opportunity, Plaintiff cannot now relitigate claims relating to the foreclosure of the property in this court.

### C. TILA Claim

Plaintiff raises a TILA claim in his Amended Complaint. He claims that TILA was violated at loan origination by the lender's purported failure to provide the original borrower, Bonnie Matulka, with "proper (3-Day) Notice of Right to Cancel or Right of Recision." (Filing No. 4 at CM/ECF p. 9.) Plaintiff does not assert his TILA claim against any specific Defendant, but the court assumes the claim is directed at M&T Bank, given that Bonnie Matulka purchased the Property with a loan from M&T Bank. (Filing No. 4 at CM/ECF p. 3.)

8

Defendants argue that Plaintiff's TILA claim is barred by the doctrine of claim preclusion. However, the court is reluctant to find that Plaintiff's TILA claim could have been litigated in the state court action discussed above. While it is true that M&T Bank was a defendant in the state court action, Plaintiff and Benton Street Ministries primarily attacked the foreclosure process, not the origination of the loan.

Regardless, the court reiterates its finding above that Plaintiff does not have standing to allege a violation of TILA on behalf of the original borrower, Bonnie Matulka. In addition, the court finds that, even if Plaintiff had standing, the claim is time-barred. The right to rescind a loan under TILA for failure to provide required disclosures expires "three years after the date of consummation of the transaction or upon sale of the property." 15 U.S.C. § 1635(f). Consummation takes place when the loan documents are executed. *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1054 (8th Cir. 2003). Thus, even assuming that Bonnie Matulka did not receive the required disclosures under TILA, a claim for recission would be time barred because the loan documents were signed in 2007, and this action was not brought until July 6, 2012.

### III. MOTION TO STRIKE

Defendants McCubbin and Kozeny & McCubbin filed a Motion to Strike a "forensic mortgage analysis" report prepared for Plaintiff by Forensic Professionals Group USA, Inc. This "report" is attached to Plaintiff's Complaint and Amended Complaint and sets forth, among other things, that there was a "fabricated foreclosure transaction" at the origination of the loan to Bonnie Matulka.[2] (*See*, *e.g.*, Filing No.

---

[2] Another court presented with a similar "forensic mortgage analysis" noted the following:

> The second document is a "Certified Forensic Loan Audit"

9

4 at CM/ECF p. 30.) Defendants McCubbin and Kozeny & McCubbin argue that this "report" presents impertinent and scandalous accusations, and it is immaterial to Plaintiff's claims. (Filing No. 25.)

The court will deny the Motion to Strike as moot in light of its decision to dismiss this matter. In the alternative, the Motion is denied because, while the "report" borders on impertinence, it has no legal significance and striking it would have no legal effect. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice.

---

prepared by someone named D. Alex-Saunders. Mr./Ms. Alex-Saunders, for whom no contact information is provided, claims, variously, to be a "Senior Auditor: Home and Asset Ombudsman Program, International Environmental Association, 501(c)3," "Senior ombudsman," "Certified forensic auditor by National Association of Mortgage Underwriters," "Associate of Global Association of Risk Professionals," and the author of "Stop! Illegal Predatory Lending." The Court is unfamiliar with these organizations (if they exist), but it is quite confident that there is no such thing as a "Certified Forensic Loan Audit" or a "certified forensic auditor." In any event, the documents make no more sense than anything else in the Debtor's papers and confirm the empty gimmickery of these types of claims.

*In re Norwood*, No. 10–84443–PWB, 2010 WL 4642447, at *2 (Bankr. N.D. Ga. Oct. 25, 2010) (observing that the Federal Trade Commission has issued a "Consumer Alert" regarding "Forensic Mortgage Loan Audit Scams").

2. Defendants' Motions to Dismiss (Filing Nos. 22, 26, and 29-1) are granted to the extent they are consistent with this Memorandum and Order.

3. Defendant M&T Bank's Motion for Leave to File Responsive Pleading Out of Time (Filing No. 29) is granted.

4. Defendants McCubbin and Kozeny & McCubbin's Motion to Strike (Filing No. 25) is denied.

DATED this 12th day of March, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.